USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-18-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARJENT LLC and ROBERT P. DEPALO,

                          Plaintiffs,                             13 Civ. 7319 (PKC)

                     -against-                              MEMORANDUM
                                                                     AND ORDER

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                          Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs Arjent LLC and its chief executive officer ("CEO"), Robert DePalo, (collectively, "Arjent") bring this action against defendant United States Securities and Exchange Commission (the "SEC"). Seeking a permanent injunction, Arjent alleges that the SEC has been conducting a harassing investigation over the last three years which exceeded the scope of its authority. Arjent further alleges that, as a small broker/dealer, it is subjected to harsher treatment compared to large firms in violation of the Equal Protection Clause of the Constitution.

        Arjent now moves for a preliminary injunction to halt the SEC's investigation. (Docket # 7.) The SEC cross-moves to dismiss the claims against it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 29.)

        The Court concludes that the Complaint (Docket # 1) fails to state an equal protection claim and that sovereign immunity bars Arjent's other claims. For reasons further explained, the SEC's motion to dismiss is granted. Arjent's motion for a preliminary injunction is denied as moot.

BACKGROUND

The following facts are taken from the Complaint, and matters of which judicial notice may appropriately be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002). All facts are assumed to be true for the purpose of deciding defendant's motion to dismiss. All reasonable inferences are drawn in favor of the plaintiffs as non-movants. See In re Elevator Antitrust Litig., 502 F.3d 47, 50–51 (2d Cir. 2007) (per curiam).

Plaintiff Arjent LLC is a registered New York-based securities broker/dealer. (Compl. ¶ 9.) Plaintiff Robert DePalo acted as Arjent LLC's CEO at all relevant times. (Id. ¶ 10.) During the summer of 2011, the SEC began a "routine" field examination of Arjent to ascertain its compliance with applicable laws and regulations. (Id. ¶ 12.) After examining Arjent's files, the SEC requested that Arjent voluntarily provide documentation regarding three entities listed as "outside business activities" for several of its employees. (Id. ¶ 14.) Arjent substantially cooperated with the SEC's requests, withholding only portions of DePalo's personal financial records. (Id. ¶ 17.)

Through the summer and early fall of 2011, the SEC's inquiries intensified, culminating in a Formal Order of Investigation ("FOI") on November 3, 2011. (Id. ¶¶ 17, 28.) Arjent asserts that it was not informed of the FOI until November 17, 2011. (Id. ¶ 33.) During the two week period between the issuance of the FOI and the SEC's disclosure of the FOI, the SEC continued to make inquiries of Arjent employees "under a pretext of informality." (Id. ¶ 30.)

In the spring of 2012, the SEC began transmitting subpoenas to Arjent in connection with its investigation. (Id. ¶ 34.) On September 19, 2012, the SEC transmitted a second set of subpoenas that superseded and replaced the previously issued subpoenas. (Id. ¶ 36.) The second set had been issued pursuant to an amended FOI, which, at that time, had not

been provided to Arjent. (Id. ¶ 36.) After learning that the FOI had been amended, Arjent's counsel requested a copy from the SEC. (Id. ¶ 37–39.) In response, the SEC demanded to know the identity of counsel's clients. (Id. ¶ 40.) When counsel refused to disclose which subpoenaed parties it represented, the SEC refused to provide a copy of the amended FOI and refused to provide a legal rationale for doing so. (Id.)

On October 12, 2012, Arjent filed a complaint with the SEC Inspector General concerning the SEC's conduct during the investigation. (Id. ¶ 63.) Arjent never received a response. (Id. ¶ 64.)

On November 14, 2012, the SEC filed an order to show cause to compel compliance with the subpoenas. (Id. ¶ 41.) Five days later, the SEC provided Arjent with a copy of the amended FOI. (Id. ¶ 43.) After receiving the amended FOI, Arjent reached an agreement on additional production of some documents, but was unable to come to a complete resolution with the SEC. (Id.)

On February 12, 2013, the SEC served Arjent with additional subpoenas, including for the personal accounts of DePalo and his wife, which they moved to quash three days later. (Id. ¶ 46–47.)

Oral argument was held on the SEC's filing the following week before Judge Koeltl as the judge assigned to Part I. U.S. Sec. & Exch. Comm'n v. DePalo, No. 12 Misc. 377 (S.D.N.Y. Feb. 19, 2013) (Tr. 1). The Court takes judicial notice of this proceeding "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Int'l Star Class Yacht Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation marks and citation omitted). In opposing the SEC's filing, Arjent argued that the subpoenas should be quashed because of a history of abuse

- 3 -

by the SEC, that it had already produced all relevant documents, and that the SEC exceeded the scope of its authority. DePalo, No. 12 Misc. 377 (Feb. 19, 2013) (Tr. 1). Arjent further argued that the SEC engaged in misconduct when it (1) refused to share the amended FOI with its counsel, (2) "harassed" it with duplicative subpoenas, (3) brought the action to enforce the subpoenas as retaliation for its complaint to the SEC Inspector General, and (4) spoke with DePalo without counsel and without informing him about the FOI. See id. at 45–46. After oral argument, Judge Koeltl found that the SEC had made a prima facie showing that the subpoenas were within the scope of its authority and were for a legitimate purpose. Id. at 38–43. Judge Koeltl further found Arjent failed to demonstrate that the subpoenas were issued for an invalid purpose. Id. at 46. Consequently, Judge Koeltl granted the SEC's motion. Id. at 49.

In a subsequent written opinion, Judge Koeltl found that DePalo's records were relevant to the SEC's investigation and denied his motion to quash. Lerner v. U.S. Sec. & Exch. Comm'n, 928 F. Supp. 2d 798, 802–03 (S.D.N.Y. 2013). Judge Koeltl also found that, as drafted, the subpoenas for Ms. DePalo's records were too broad and granted her motion to quash without prejudice. Id. at 804.

On September 16, 2013, Arjent's counsel wrote to the SEC General Counsel and supervisory personnel at the Division of Enforcement, Office of International Affairs, Office of Ethics Counsel, and the Inspector General complaining of the SEC's actions. (Compl. ¶ 65.)

On September 19 and 24, 2013, the SEC made further demands of Arjent for documents which, according to Arjent, were outside the scope of the investigation. (Id. ¶ 66.) As of October 17, 2013, the SEC investigation remains active and no charges have been filed. (See id. ¶ 70–71.)

On October 17, 2013, Arjent filed suit seeking to enjoin the SEC from continuing its investigation. (See id. ¶ 5.) Arjent asserts that, throughout the investigation, the SEC exceeded its authority, retaliated in response to its complaints, harassed it with excessive document requests and subpoenas, and acted in an arbitrary and capricious manner. (Id. ¶¶ 78–79.) Arjent further alleges that the SEC treats small broker/dealers differently, and far more harshly, than similarly situated large broker/dealers with no rational basis for the disparate treatment in violation of the Equal Protection Clause of the Constitution. (Id. ¶¶ 81–82.)

Arjent asserts that this Court has subject matter jurisdiction because a federal question is presented. 28 U.S.C. § 1331; (Compl. ¶ 6.) It also asserts that sovereign immunity has been waived by reason of the provisions of the Administrative Procedure Act (the "APA"). 5 U.S.C. § 702; (Compl. ¶ 7.)

## LEGAL STANDARDS

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)[, Fed. R. Civ. P.,] when the Court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting jurisdiction bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Id. "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Id. However, a court must accept all material factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005); Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

## II. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain . . . sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a complaint, courts draw all reasonable inferences in favor of the non-movant. See In re Elevator Antitrust Litig., 502 F.3d at 50. Legal conclusions, however, are not entitled to any presumption of truth, and a court assessing the sufficiency of a complaint disregards them. Iqbal, 556 U.S. at 678. Instead, the court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## DISCUSSION

### I. There Is No Subject Matter Jurisdiction Under the Administrative Procedure Act.

The SEC argues that sovereign immunity forecloses Arjent's claim that it acted in an arbitrary and capricious manner during its investigation. Under controlling authority, because sovereign immunity is "jurisdictional in nature," questions of sovereign immunity implicate a court's subject matter jurisdiction and are analyzed under Rule 12(b)(1), Fed. R. Civ. P. See Hamm v. United States, 488 F.3d 135, 137 (2d Cir. 2007) (citing Wake v. United States, 89 F.3d 53, 57 (2d Cir. 1996)).

Absent an express waiver, government agencies, such as the SEC, are protected from suit by sovereign immunity. Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983). Section 702 of the APA is an express waiver and provides for equitable relief when "[a] person suffer[s] legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. However, section 702 does not waive

sovereign immunity "where a matter is statutorily committed to agency discretion or where another statute provides a form of relief which is expressly or impliedly exclusive." Sprecher, 716 F.2d at 974 (internal quotation marks and citation omitted). The existence of a statute will not preclude suit "if a finding of preclusion could foreclose all meaningful judicial review; if the suit is wholly collateral to a statute's review provisions; and if the claims are outside the agency's expertise." Free Enter. Fund v. Pub. Co. Accounting Oversight Bd., 130 S. Ct. 3138, 3150 (2010) (internal quotation marks and citations omitted).

Under the Exchange Act of 1934 (the "Exchange Act"), the SEC may invoke the jurisdiction of a court of the United States to secure compliance with a subpoena. 15 U.S.C. § 78u(c). "To win judicial enforcement of an administrative subpoena, the SEC 'must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required . . . have been followed . . . .'" RNR Enters. v. U.S. Sec. & Exch. Comm'n, 122 F.3d 93, 96–97 (2d Cir. 1997) (quoting United States v. Powell, 379 U.S. 48, 57–58 (1964)). Because an SEC-issued subpoena is unenforceable absent a court order, and the subpoena enforcement proceeding provides an opportunity for judicial review of both an investigation's legitimacy, and a subpoena's legitimacy, the proceeding "is the exclusive method by which the validity of SEC investigations and subpoenas may be tested in the federal courts." Sprecher, 716 F.2d at 974–75.

Arjent argues that because subpoena enforcement proceedings under the Exchange Act might not be employed in every investigative action, their existence may not be viewed as precluding review of whether the SEC exceeded its authority or acted in an arbitrary and capricious manner during an investigation. But Arjent has already had an opportunity to

challenge the SEC's investigation in the context of the subpoena enforcement proceeding. That proceeding was not limited to the narrow issue of whether the documents sought were relevant as the SEC was required to show, as a necessary element, that its investigation was conducted pursuant to a legitimate purpose. Furthermore, the majority of the Complaint concerns matters that took place before the subpoena enforcement proceeding. (See Compl. ¶¶ 41–46.) "Parties who are the subject of [SEC] subpoenas are free in a [subpoena enforcement proceeding] to raise claims of abuse of process," as Arjent did before Judge Koeltl. Sprecher, 716 F.2d at 974.

In the matter before Judge Koeltl, Arjent raised many of the same issues that it raises in the Complaint, such as whether the SEC exceeded the scope of its authority and whether the SEC has been "harassing" Arjent. DePalo, 12 Misc. 377 (Feb. 19, 2013) (Tr. 45–46). Because the issues of harassment and inappropriate agency action were raised in the subpoena enforcement proceeding, and those issues were actually litigated and decided by Judge Koeltl, it may not be said that Arjent's current claim is "wholly collateral" to it.

Consequently, under the facts alleged in the Complaint, the Court concludes that section 702 does not operate as a waiver of sovereign immunity. Accordingly, this Court does not have subject matter jurisdiction over Arjent's claim.

## II. The Complaint Fails to State an Equal Protection Claim.

Arjent alleges that the SEC is selectively targeting small broker/dealers over large broker/dealers for investigations in violation of the Equal Protection Clause of the Constitution. Notwithstanding the review mechanisms present for SEC enforcement actions under the Exchange Act, section 702 of the APA will operate as a waiver of sovereign immunity to Arjent's equal protection claim if (1) preclusion would foreclose "all meaningful judicial review," (2) the suit is "wholly collateral" to the statutory process, and (3) the claims are "outside the agency's expertise." Free Enter. Fund, 130 S. Ct. at 3150.

- 8 -

First, Arjent's claim, if sustained, would be "wholly collateral" to whether the SEC was conducting an investigation for a legitimate purpose. The question of whether the SEC's investigation was properly initiated and maintained has no relation to Arjent's ultimate liability. A claim of selective investigation could potentially have merit, even if the investigation was legitimate and Arjent was to be found liable of some wrongdoing. See United States v. Armstrong, 517 U.S. 456, 463–64 (1996).

Second, because a subpoena enforcement proceeding would not be an appropriate avenue of review for an equal protection claim, and the SEC has no administrative procedure for raising such a claim, a finding of preclusion would foreclose all judicial review. See Gupta v. Sec. & Exch. Comm'n, 796 F. Supp. 2d 503, 513–14 (S.D.N.Y. 2011).

Finally, the question of whether the SEC is inappropriately treating small broker/dealers differently from large broker/dealers is a constitutional question outside the SEC's expertise. See Free Enter. Fund, 130 S. Ct. at 3151; Gupta, 796 F. Supp. 2d at 512.

The Court therefore concludes that Arjent's equal protection claim is not barred by sovereign immunity.

When, as here, a party raises an equal protection claim relating to a non-suspect class, the party alleging a violation must show (1) disparate treatment between class members and similarly situated non-members, and (2) there is no rational relationship between the disparate treatment and a legitimate government interest. See Hayden v. Paterson, 594 F.3d 150, 169 (2d Cir. 2010).

The Complaint alleges that the SEC has a "wholly unfounded bias" against small broker/dealers who are treated "far more harshly" than large broker/dealers. (Compl. ¶¶ 74, 81.) Aside from references to "academic studies," the Complaint does not allege any facts in support

of the allegation. (See id. ¶¶ 3, 74.) Without any factual basis to support them, the Complaint's conclusory allegations have not been "nudged . . . across the line from conceivable to plausible." Iqbal, 556 U.S. at 1950–51 (quoting Twombly, 550 U.S. at 547). Consequently, Arjent's equal protection claim must be dismissed.

In its moving papers, Arjent extensively cites to an academic study comparing SEC enforcement actions against small firms with enforcement actions against large firms. The facts cited do not appear in the Complaint. Even if they had been alleged, the additional facts would not be sufficient to plausibly allege an equal protection violation. In the Complaint, Arjent complains of its treatment by the SEC in an investigation, not an enforcement action. Though allegations of the disparate treatment between small firms and large firms in SEC enforcement actions may be probative of disparate treatment during the investigation phase, they are not sufficient to plausibly allege disparate treatment between small firms and large firms during SEC investigations.

### III. Arjent's Request for a Preliminary Injunction Is Denied.

Because the SEC's motion to dismiss will be granted, Arjent's request for a preliminary injunction is denied as moot.

### CONCLUSION

For the foregoing reasons the SEC's motion to dismiss (Docket # 29) is GRANTED. Arjent's motion for a preliminary injunction (Docket # 7) is DENIED. The Clerk is directed to enter judgment for the defendant.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 17, 2014